LEHAN, Judge.
Defendant appeals his convictions and sentences for first-degree felony murder, kidnapping, and robbery. We affirm.
Defendant first argues that the trial court erred in denying his motion to suppress statements he had made to Georgia and Florida law enforcement officers, including a taped statement to the Florida officers, and a signed waiver of Miranda rights. Defendant was initially apprehended by law enforcement officers in Georgia. These officers promptly gave defendant a Miranda warning and questioned him. Subsequently, law enforcement officers from Florida, before speaking with defendant, also gave defendant a Miranda warning. At this point defendant agreed to questioning by the Florida officers and to the taping of the questions and answers. At the beginning of the taped conversation, defendant stated:
Since I’m so far from home and there’s no attorney here that’s gonna come talk to me, I might as well cooperate while I’m here instead of upsetting y’all, so I decided to just — or long as my attorney down yonder gets a copy.
The substance of this statement appears to be that defendant agreed to talk with the officers only because of his misapprehension that no attorney would be available at that time. Thus, the officers were faced with an invocation of defendant’s right to counsel or, at the least, an equivocal invocation of that right which “put the police officers on notice that the only permissible further questioning would be questions attempting to clarify ... [his] request for counsel.” Long v. State, 517 So.2d 664, 667 (Fla.1987), However, the record reflects that after defendant made this statement, he was given a Miranda warning a third time. In fact, he was specifically told: “You have the right to talk to a *1224 lawyer now and have him present while you’re being questioned.” (Emphasis added.) When defendant was then asked whether he understood, he replied, "Yes sir.” Defendant thereafter signed a written waiver of his Miranda rights after which he was questioned by the Florida officers.
Whether or not defendant’s above-quoted statement constituted a sufficient, though equivocal, request for counsel, we conclude that he thereafter effectively waived the right to counsel upon receiving a Miranda warning a third time and signing the written waiver. A similar situation existed in Cannady v. State, 427 So.2d 723 (Fla.1983). In that case the defendant had said to a police officer, “I think I should call my lawyer.” Id. at 728. Simultaneously, however, defendant “was also readily confessing his guilt.” Id. Cannady stated, “When a person expresses both a desire for counsel and a desire to continue the interview without counsel, further inquiry is limited to clarifying the suspect’s wishes.” Id. Cannady determined the officer “asking appellant if he wanted to talk about it was meant to clarify appellant’s wishes and was not meant to evoke an incriminating response. Therefore this question did not amount to an interrogation under Miranda.” Id. at 729. Cannady further noted that even if the defendant had requested counsel, his right to counsel was waived before he was interrogated further because he “signed a written waiver after being readvised of his right to have counsel present.” Id. at 729. Under Cannady, then, the trial court in the case at hand did not err in denying defendant’s motion to suppress because (1) the officer’s statement that defendant could have an attorney present at that time served to correct defendant’s misapprehension and was no less proper than the questioning in Canna-dy which simply served to clarify the defendant’s wishes in that case; and (2) defendant, like the defendant in Cannady, signed a written waiver after being read-vised of his Miranda rights. Nothing in the record indicates that the officers used coercive tactics to obtain the waiver. Unless a showing of such coercion is made, a motion to suppress in this context should be denied. See Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Defendant in fact indicated at the conclusion of the tape that his statements were made “free and voluntary.”
We find no merit to defendant’s other arguments on this appeal.
Affirmed.
CAMPBELL, A.C.J., and PARKER, J., concur.